UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BLAZE CHAUS, LLC**     **CIVIL ACTION**

**VERSUS**     **NO. 15-552**

**STATE FARM FIRE AND CASUALTY COMPANY**     **SECTION I**

**ORDER AND REASONS**

The Court has pending before it a motion[1] filed by defendant, State Farm Fire and Casualty Company ("State Farm"), for "partial summary judgment regarding an alleged duty owed to Plaintiff as to repairs of the building."[2] State Farm's motion is prompted by deposition testimony by the estimator, James I. Kotter, Jr. ("Kotter") retained by plaintiff, Blaze Chaus LLC ("Blaze") that State Farm's claims representative should have taken some action with respect to negligent remediation and repair work allegedly performed by non-parties retained by Blaze.[3] State Farm argues that its policy does not cover inadequate repairs or defective materials used in repair[4] and that "there is no duty under the law or the policy which requires State Farm or its personnel to direct the work of third-parties chosen and retained by the insured."[5]

Blaze's opposition to the motion does not confront the issues raised by State Farm and it does not mention Kotter or his disputed testimony at all. Rather, Blaze merely recounts other ways

---

[1] R. Doc. No. 64.
[2] R. Doc. No. 64-1, at 1.
[3] *See* R. Doc. No. 64-1, at 2-3.
[4] R. Doc. No. 64-1, at 5.
[5] R. Doc. No. 64-1, at 6.

1

in which it believes State Farm violated its duties pursuant to a Louisiana insurer bad faith statute, Louisiana Revised Statute § 22:1973(A).[6] Therefore, it does not appear that Blaze makes any "claims . . . that State Farm should have undertaken to supervise the construction and is responsible for any errors made by the water remediation contractor or general contractor."[7] Essentially, State Farm's motion is directed at a theory not articulated by Blaze. Accordingly,

    **IT IS ORDERED** that State Farm's motion is **GRANTED AS UNOPPOSED**.

New Orleans, Louisiana, October 5, 2015.

                                                           **LANCE M. AFRICK**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 91, at 9-11. Blaze's brief does not cite Louisiana Revised Statute § 22:1892, which is another insurer bad faith statute.

[7] R. Doc. No. 64-1, at 7. The record as to this motion is not sufficiently developed for the Court to assess the potential applicability of the policy exclusion for faulty workmanship cited by State Farm. R. Doc. No. 64-1, at 5-6.