UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BLAZE CHAUS, LLC**                                                         **CIVIL ACTION**

**VERSUS**                                                                        **NO. 15-552**

**STATE FARM FIRE AND CASUALTY**                             **SECTION I**
**COMPANY**

## ORDER AND REASONS

The Court has pending before it a motion[1] filed by defendant, State Farm Fire and Casualty Company ("State Farm"), to strike or limit the testimony of A. Philip Moss, Jr., CPA, an accountant retained by plaintiff, Blaze Chaus LLC ("Blaze"). State Farm moves to exclude testimony by Moss because (1) his opinion regarding business losses "does not survive a *Daubert* challenge," and (2) his opinion relates to entities other than Blaze.[2]

State Farm's second argument fails in part as a result of the Court's separate order and reasons granting leave to amend the complaint to add Kelly G. Burkenstock, M.D., APMC as an additional plaintiff.[3] State Farm's first argument is mooted by Blaze's concession that it does not oppose exclusion of any expert opinion by Moss.[4] The Court will be in a better position at trial to assess the basis for, and admissibility of, any fact testimony or *lay* opinion testimony offered by Moss. *See La. Med. Mgmt. Corp. v. Bankers Ins. Co.*, No. 06-7248, 2007 WL 2377137, at *1 (E.D.

---

[1] R. Doc. No. 52.
[2] *See* R. Doc. No. 52-1, at 1, 6-8.
[3] The motion should be granted, however, with respect to testimony as to any losses incurred by Azure Spa, Inc., for the reasons set forth in that order and reasons.
[4] R. Doc. No. 58, at 1.

La. Aug. 16, 2007) (noting that "a company's accountant may offer lost business profits opinion testimony as a lay witness because of his personal knowledge of the company's finances"); *see also DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 685-86 (5th Cir. 2003) (discussing "foundational requirement" of personal knowledge underlying lay opinion testimony which "helps to eliminate the risk that a party will circumvent the reliability requirements set forth in Federal Rule of Evidence 702 by adducing expert testimony in lay witnesses' clothing").[5]

Accordingly,

**IT IS ORDERED** that State Farm's motion is **GRANTED IN PART** with respect to testimony by Moss as to business losses incurred by Azure Spa, Inc., and **DEFERRED UNTIL TRIAL** in all other respects.

New Orleans, Louisiana, October 5, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court does note, however, that the July 10, 2015 letter from Moss to Dr. Burkenstock merely lists the estimated revenue losses provided by Dr. Burkenstock. Such letter notes that Moss has "not verified or confirmed [her] estimates to be correct as [he has] not completed [her] 2014 financial statements and tax returns." R. Doc. No. 52-3, at 2. Accordingly, the Court has reservations, which will be addressed at trial, relating to whether Moss can establish a sufficient foundation which will allow his lay opinion testimony.